UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRANT CHARLES RHODES,<br><br>   Plaintiff,<br><br>   v.<br><br>CORRECTIONS CORPORATION OF AMERICA, et al.,<br><br>   Defendants. | No. 2:16-cv-1763 GEB DB P<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983. Plaintiff alleges prison staff videotaped him during group strip searches in violation of prison policy and his constitutional rights. Defendant Corrections Corporation of America ("CCA") moves to dismiss, or transfer this case to the District of Arizona, on the grounds venue is inappropriate in the Eastern District of California. For the foregoing reasons, this court finds venue is appropriate in Arizona and orders this case transferred there.

**BACKGROUND**

Plaintiff is a California state prisoner who is housed at the La Palma Correctional Center ("LPCC") in Elroy, Arizona. Plaintiff originally filed this action on February 25, 2016, in

////

1

Sacramento County Superior Court against CCA[1] and the California Department of Corrections and Rehabilitation ("CDCR").  (ECF No. 1-1.)  Petitioner complains he was subjected to videotaped, group strip searches by LPCC staff in violation of his constitutional rights and CCA and CDCR policies.  Defendant CCA removed the action to federal court on the basis of subject matter jurisdiction, alleging that plaintiff's complaint can be fairly read to allege a civil rights violation under 28 U.S.C. § 1983.  (ECF No. 1-4.)  On August 3, 2016, CCA filed the present motion to dismiss.  (ECF No. 4.)

**MOTION TO DISMISS OR TRANSFER VENUE**

Pursuant to 28 U.S.C. § 1391(b) a civil action may be brought in the following districts:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Plaintiff asserts claims arising out of events that occurred at LPCC.  Any witnesses to these strip searches would be other inmates or staff at LPCC in Arizona.  Plaintiff's complaint does not contain allegations regarding any violations of his constitutional rights occurring in California or at the hands of any CDCR employees.  Plaintiff states that he will have witnesses who are CDCR representatives and others who are incarcerated in CDCR prisons in California.  (See Pl.'s Oppo. (ECF No. 8) at 2.)  However, those witnesses would not involve the core allegations of plaintiff's complaint.

Plaintiff also expresses concern that CCA has not served this motion on CDCR.  However, as CCA points out, CDCR has not yet been served with a copy of the complaint and therefore has not appeared in this action.  In fact, it is not clear what CDCR's role in this case will

---

[1] CCA runs LPCC pursuant to a correctional services agreement with the State of California.  CCA is a Maryland Corporation, with its headquarters in Nashville, Tennessee.  (Resp.'s Mot. (ECF No. 4) at 3.)

2

1  be. As stated above, plaintiff does not allege violations of his rights be CDCR. Moreover, in his
2  complaint, plaintiff states that he will "later give CDCR the opportunity to become a nonparty by
3  providing assistance, documenting CDCR Procedure for strip search, in that CDCR does not
4  conduct Group videotaped strip searches." (Compl. (ECF No. 1-1 at 17).)

5      Plaintiff does not dispute that "a substantial part of the events . . . giving rise to the claim"
6  occurred in Arizona. Therefore, venue is most appropriate in that district. See 28 U.S.C. §
7  1391(b); 28 U.S.C. § 1404(a) (venue may be transferred "[f]or the convenience of the parties and
8  witnesses").

9      Accordingly, IT IS HEREBY ORDERED that defendant CCA's Motion to Dismiss (ECF
10  No. 4) be granted in part and this case be transferred to the District of Arizona. 28 U.S.C. §
11  1406(a).

12  Dated: January 30, 2017

    _____
    DEBORAH BARNES
    UNITED STATES MAGISTRATE JUDGE

20  DLB:9
    DLB1/prisoner-civil rights/rhod1763.venue or